UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**STEWART TITLE GUARANTY COMPANY,**

    **Plaintiff,**

    v.

**JIMMY LEWIS, et al.,**

    **Defendants.**

Civil Action No. 16-1372 (JDB)

**MEMORANDUM OPINION & ORDER**

For purposes of this opinion, the following factual allegations are accepted as true. In 2005, plaintiff Stewart Title Guaranty Company and defendant Independent Settlement Services entered an agreement under which Independent was authorized to issue title insurance policies underwritten by Stewart Title. Am. Compl. [ECF No. 10] ¶ 6. In 2007, defendant Jimmy Lewis decided to refinance a property that he owned in Washington, D.C. Id. ¶ 9. The $262,500 loan was secured by a deed of trust granting a lien against his property. Id. ¶ 10. And Independent, the settlement agent for the transaction, issued a title insurance commitment for the deed, underwritten by Stewart Title. See id. ¶¶ 9–11. In May 2013, Lewis sold the property for $399,500, after representing to the buyer that it was free and clear from any liens. Id. ¶¶ 20, 24. Lewis did not pay off his loan from the proceeds of the sale and, shortly after the sale had been consummated, he stopped making any payments at all. Id. ¶¶ 21, 25.

When the then-holder of the loan note attempted to foreclose against the property, it discovered that the deed securing the note had never been recorded. Id. ¶ 26. Thus stymied in its attempts to collect, the note-holder submitted a claim to Stewart Title in its role as title insurer. Id.

1

While Stewart Title processed the claim, the note was transferred once more to Nationstar Mortgage. Id. Ultimately, Stewart Title settled the claim by paying Nationstar $262,500 in exchange for all claims and rights arising under the note. Id. ¶ 30. Stewart Title now brings this action in an attempt to recover its losses. Stewart Title's initial complaint alleged claims for breach of contract and negligence against Independent and a claim for breach of contract against Lewis. See Compl. [ECF No. 1]. Independent moved to dismiss only the contract claim against it, arguing that Stewart Title had failed to identify a specific contractual obligation that Independent had breached. See Def.'s 1st Mot. to Dismiss [ECF No. 8] at 3. In response, Stewart Title filed an amended complaint including additional allegations and attaching the 2005 Underwriting Agreement that it now seeks to enforce. See Am. Compl.; Underwriting Agreement [ECF No. 10-2]. Still not satisfied, Independent has renewed its motion to dismiss the contract claim. See Def.'s 2d Mot. to Dismiss [ECF No. 12-1]. That motion has now been fully briefed and is ripe for decision. For the reasons below, it will be denied.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must presume the truth of a complaint's factual allegations, though it is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The court then asks whether the facts alleged suffice "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). On a motion to dismiss, the court considers "facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." Mpoy v. Rhee, 758 F.3d 285, 291 n.1 (D.C. Cir. 2014) (internal quotation marks omitted). Because the Underwriting Agreement was attached

to Stewart Title's amended complaint and forms the basis of its claim, it will be considered in connection with Independent's motion to dismiss.

Both parties assume that D.C. law applies to Stewart Title's breach of contract claim. To state a claim for breach of contract under D.C. law, Stewart Title must describe the terms of its contract with Independent and the nature of Independent's alleged breach. See Francis v. Rehman, 110 A.3d 615, 620 (D.C. 2015). As is the case here, allegations that a contract has been breached often raise issues of contract interpretation. "Where the language in question is unambiguous, its interpretation is a question of law for the court." Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp., 944 A.2d 1055, 1064 (D.C. 2008) (internal quotation marks omitted). On the other hand, where the relevant contractual language is ambiguous, "[t]he choice among reasonable interpretations . . . is for the fact-finder to make based on the evidence presented by the parties to support their respective interpretations." Nextel Spectrum Acquisition Corp. v. Hispanic Info. & Telecomm. Network, Inc., 571 F. Supp. 2d 59, 63 (D.D.C. 2008) (citing Howard Univ. v. Best, 484 A.2d 958, 966 (D.C. 1984)).

## DISCUSSION

In its amended complaint, Stewart Title identifies a number of contractual duties owed by Independent under the Underwriting Agreement. See Am. Compl. ¶ 7. First, Stewart Title contends, Independent was required to "conduct its business in a sound and ethical manner" and to issue title policies "according to recognized underwriting practices, the rules and instructions given by [Stewart Title], and those rules and instructions imposed by the Department of Insurance or other regulatory body." Underwriting Agreement ¶ 3(a). Second, Stewart Title continues, Independent was obligated to reimburse Stewart Title for losses that it incurred "due to the negligence" of Independent. Id. ¶ 5(a).

Stewart Title has pled sufficient factual allegations, taken as true, to support a plausible claim that Independent has breached its duties under the contract. Consider Independent's duty to conduct its business in a "sound manner" and "according to recognized underwriting practices." Id. ¶ 3(a). Stewart Title alleges that Independent breached this duty by "[f]ailing to record and apparently losing" the deed of trust executed in connection with the refinancing of Lewis' property. Am. Compl. ¶ 37; see also id. ¶ 16. According to Stewart Title, "[t]he standard, recognized practice in the title industry is to record instruments promptly after closing is conducted." Id. ¶ 14. To buttress that allegation, Stewart Title further alleges that Independent received funds at closing to register the deed, id. ¶ 13, and that Stewart Title's own guidelines require a deed to be recorded promptly after closing, id. ¶ 15. At this early stage, these allegations suffice to state a claim for breach of contract: if industry standards required Independent to register the deed promptly after closing, and Independent failed to do so, then it may have failed to conduct its business in a "sound manner" and "according to recognized underwriting principles."

Independent disagrees, challenging Stewart Title to point to a provision of the Underwriting Agreement that specifically and unambiguously required Independent to record the deed of trust. See Def.'s 2d Mot. to Dismiss at 3–4; Def.'s Reply [ECF No. 15] at 2. But that is not Stewart Title's burden. To survive Independent's motion to dismiss, it need only allege conduct by Independent that would be prohibited by a reasonable construction of the Underwriting Agreement. Because Stewart Title has done so, Independent's argument fails.[1]

Stewart Title has also adequately alleged a breach of the Underwriting Agreement's "Division of Loss" provision. Under that provision, Independent "shall be liable" to Stewart Title

---

[1] Independent also faults Stewart Title for failing to allege that it gave Independent specific rules or instructions regarding issuance of policies. See Def.'s 2d Mot. to Dismiss [ECF No. 12-1] at 4; see also Underwriting Agreement ¶ 3(a). The Court need not engage with this argument because, as explained above, Stewart Title's breach of contract claim is adequately supported by other factual allegations.

for losses caused "due to [Independent's] negligence." Underwriting Agreement ¶ 5(a). Stewart Title has brought a separate count for negligence, based again on its allegation that Independent failed to record and then lost the deed of trust. See Am. Compl. ¶ 44. When Independent failed to reimburse Stewart Title for losses resulting from that negligence, Stewart Title contends, Independent also breached the Underwriting Agreement. Id. ¶ 39. Independent, for its part, concedes that Stewart Title has successfully "pled a cause of action for negligence." Def.'s Reply at 1 & n.1. Nonetheless, Independent argues that Stewart Title's associated contract claim must fail because Independent's alleged failure to record the deed does not violate any express provision of the Underwriting Agreement. See id. at 3–4.

But that argument, which has already been rejected, is irrelevant for present purposes. In its papers Independent fails even to cite the "Division of Loss" provision at issue, which appears to make Independent liable to Stewart Title for losses caused by Independent's (adequately alleged) negligence. Nor can Independent dismiss Stewart Title's breach of contract claim on the general ground that "duties derived from contract are separate and distinct from common law tort duties." Def.'s Reply at 3. As a general matter, of course, Independent is correct. But the specific contract at issue here appears to tie those duties together: when Independent violates its tort duties, it has an associated contractual obligation to reimburse Stewart Title for losses incurred as a result. The Court may enforce such contracts. See Gen. Elevator Co., Inc. v. District of Columbia, 481 A.2d 116, 118 (D.C. 1984) (noting that party needed to "establish appellant's negligence" in order to establish "appellant's liability under the indemnity contract"). Stewart Title alleges that it suffered losses as a result of Independent's negligence, and that Independent failed to reimburse it for those losses. At this point, that will suffice to state a claim for breach of contract.[2]

---

[2] Independent also takes issue with Stewart Title's allegation that "Independent failed to issue a final title insurance policy" with respect to the deed of trust. Am. Compl. ¶ 18; see Def.'s 2d Mot. to Dismiss at 3. If that

5

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that [12] Independent's partial motion to dismiss is **DENIED**. A separate Order setting an initial scheduling conference will issue on this date.

**SO ORDERED**.

                                                /s/
                              JOHN D. BATES
                         United States District Judge

Dated: November 2, 2016

---

allegation is true, Independent contends, then Stewart Title would never have suffered any losses and this action would never have been brought. The Court need not engage with this argument either. As explained above, Stewart Title's breach of contract claims are supported by other factual allegations in the amended complaint. And Independent does not explain why the inclusion of this—admittedly confusing—allegation should alone doom Stewart Title's breach of contract claim.