UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| INDEPENDENT SETTLEMENT SERVICES, LLC, |
| **Plaintiff,** |
| v. |
| JIMMY LEWIS, |
| **Defendant.** |

Civil Action No. 16-1372 (JDB)

# MEMORANDUM OPINION

Independent Settlement Services, LLC, ("Independent") alleges that Jimmy Lewis failed to make payments required under a promissory note that he executed when he refinanced a property in Washington, D.C. Independent has moved for summary judgment on the only remaining claim in this action, i.e., the breach of contract claim against Lewis. Because there is no genuine dispute as to any material fact and Independent has shown that it is entitled to judgment as a matter of law, the Court will grant the motion.

## BACKGROUND

### I. FACTUAL BACKGROUND

In November 2007, Lewis decided to refinance a property that he owned in Washington, D.C. He received a $262,500 loan (the "Subject Loan") from lender Taylor, Bean & Whitaker Mortgage Corp. ("TBW"). In return, he executed a promissory note (the "Subject Note") that memorialized the terms of the loan and a deed of trust (the "Subject DOT") to secure repayment of the Subject Note with a lien against the property. See Subject Note, Ex. 2 to Pl.'s Mot. for Summ. J. [ECF No. 25-3]; Subject DOT, Ex. 3 to Pl.'s Mot. for Summ. J. [ECF No. 25-4]. Independent conducted the closing and issued a title insurance commitment to TBW, which

1

committed Stewart Title Guaranty Company ("Stewart") to insure the Subject DOT as a lien against the property. See Am. Compl. [ECF No 10] ¶ 11; Independent's Answer to Am. Compl. [ECF No. 18] ¶ 11. Although Independent received funds for the payment of recording fees and taxes, see Am. Compl. ¶ 13; Independent's Answer to Am. Compl. ¶ 13, the Subject DOT was not recorded in the District of Columbia land records, see 1st Aff. of J. Thurbee, Ex. 4 to Pl.'s Mot. for Summ. J. [ECF No. 25-5] ¶ 8.

In or around May 2013, Lewis sold the property to Elston Johnson. 1st Aff. of J. Thurbee ¶ 10. Lewis continued to make monthly payments on the Subject Loan through July 2013, at which point his outstanding balance was $243,785.36. 2nd Aff. of J. Thurbee, Ex. 1 to Pl.'s Reply [ECF No. 28-1] ¶ 4. Thereafter, he made no further payments and, according to Stewart's calculations, he now owes more than $300,000, including unpaid principal, interest, and late fees. Id. ¶¶ 7–8.

In November 2013, Cenlar (then the holder of the Subject Note) submitted a claim for coverage under the title insurance commitment when it discovered that the Subject DOT had not been recorded. 1st Aff. of J. Thurbee ¶ 9; see Notice of Title Claim, Ex. 5 to Pl.'s Mot. for Summ. J. [ECF No. 25-6].[1] After Stewart confirmed that the Subject DOT was not recorded, see 1st Aff. of J. Thurbee ¶ 10, it contacted Independent to inquire whether there was any factual or legal reason that it should not settle the claim. Independent advised that there was no factual or legal defense, see Ex. 6 to Pl.'s Mot. for Summ. J. [ECF No. 25-7]; consequently, Stewart settled the claim by paying Nationstar $262,500 in exchange for an assignment of the Subject Note. Nationstar executed an allonge transferring the Subject Note to Stewart, and delivered the original copy of the Subject Note to Stewart. 1st Aff. of J. Thurbee ¶¶ 12–14; Sale & Assignment Agreement, Ex. 7 to Pl.'s Mot. for Summ. J. [ECF No. 25-8].

---

[1] Cenlar subsequently transferred the Subject Note to Nationstar Mortgage LLC ("Nationstar"). See Ex. 2 to Independent's Opp'n to Mot. for Summ. J. [ECF No. 26-2].

## II. PROCEDURAL BACKGROUND

In June 2016, Stewart filed this lawsuit against Independent and Lewis. Stewart asserted claims for breach of contract and negligence against Independent based on Independent's alleged failure to record the Subject DOT. See Am. Compl. ¶¶ 32–45. Stewart asserted a claim for breach of contract against Lewis based on his alleged failure to make required payments under the terms of the Subject Note. Id. ¶¶ 46–51. Stewart moved for summary judgment on its claims, see Pl.'s Mot. for Summ. J. [ECF No. 25], and Independent and Lewis separately opposed the motion.[2]

After the summary judgment briefing was completed, Stewart and Independent entered a settlement agreement and Stewart voluntarily dismissed with prejudice all claims against Independent. See Stip. of Dismissal with Prejudice [ECF No. 31]. Pursuant to the settlement, Stewart transferred its interest in the breach of contract claim against Lewis to Independent. See Feb. 16, 2018 Order [ECF No. 37] at 2. Independent filed a motion to substitute "in the place and stead of Stewart" as plaintiff in this action, see Consent Mot. to Substitute [ECF No. 32], and the Court granted that motion, see Feb. 16, 2018 Order at 3. The Court ordered that all pleadings and dispositive motions filed by Stewart, as they relate to the breach of contract claim against Lewis, be deemed adopted by Independent. Feb. 16, 2018 Order at 3. The sole issue, then, is whether Independent is entitled to summary judgment on the breach of contract claim against Lewis.

## **LEGAL STANDARD**

Summary judgment is appropriate where "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[2] Lewis' first opposition merely stated that he disputed the entirety of plaintiff's statement of undisputed material facts, and that he "has complied with all federal law[] relating to this matter." Lewis' Opp'n to Pl.'s Mot. for Summ. J. [ECF No. 29]. After reviewing that filing, the Court issued a Fox/Neal order that advised Lewis of the consequences of failing to properly respond to a motion for summary judgment, and provided him with an opportunity to file an amended opposition. See Fox/Neal Order [ECF No. 33]. Lewis filed an amended opposition on November 1, 2017. See Lewis' Am. Opp'n to Pl.'s Mot. for Summ. J. [ECF No. 35].

56(a). "The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a 'material' fact." Etokie v. Duncan, 202 F. Supp. 3d 139, 145 (D.D.C. 2016) (citation omitted). Hence, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment may not "be avoided based on just any disagreement as to the relevant facts; the dispute must be 'genuine,' meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant." Etokie, 202 F. Supp. 3d at 146 (quoting Anderson, 477 U.S. at 248).

"A party asserting that a fact cannot be or is genuinely disputed must support that assertion by" either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, . . . or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute. See Ass'n of Flight Attendants–CWA v. U.S. Dep't of Transp., 564 F.3d 462, 465–66 (D.C. Cir. 2009). "If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); see Winston & Strawn, LLP v. McLean, 843 F.3d 503, 507 (D.C. Cir. 2016).

When deciding a motion for summary judgment, a court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson, 477 U.S. at 255. Moreover, a court may not "make credibility determinations or weigh the evidence." Lopez v. Council on American–Islamic Relations Action Network, Inc., 826 F.3d 492, 496 (D.C. Cir. 2016) (citation omitted). Ultimately, a court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

4

sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52. Thus, a non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted," Anderson, 477 U.S. at 249–50 (citations omitted).

## DISCUSSION

Independent contends that it is entitled to summary judgment on the breach of contract claim against Lewis. See Pl.'s Mot. for Summ. J. at 11. To prevail on a claim for breach of contract under District of Columbia law, a plaintiff must establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) breach of that obligation or duty, and (4) damages caused by that breach. See Brown v. Sessoms, 774 F.3d 1016, 1024 (D.C. Cir. 2014) (quoting Tsintolas Realty Co. v. Mendez, 984 A.2d 181, 187 (D.C. 2009)).

Here, Independent has shown a valid contract between the parties, in the form of the Subject Note which Lewis executed in November 2007,[3] and Independent acquired on August 22, 2017.[4] See Subject Note at 1; see also Chase Plaza Condo. Ass'n, Inc. v. JPMorgan Chase Bank, N.A., 98 A.3d 166, 169 (D.C. 2014) (holder of promissory note is normally entitled to enforce that instrument (citing D.C. Code Ann. § 28:3-301)); Yasuna v. Miller, 399 A.2d 68, 72 (D.C. 1979) (stating that a promissory note and a trust deed are different parts of a single contract). Under the contract, Lewis had a duty to make monthly payments of principal and interest on the Subject Loan until he paid in full the principal, interest, and any other charges incurred under the terms of the

---

[3] In so executing, Lewis agreed that the Subject Note may be transferred and that such transfer does not relieve Lewis of his duty to make required payments. See Subject Note ¶ 1 ("I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'").

[4] As explained in the Court's Feb. 16, 2018 Order, see id. at 2, Stewart transferred the Subject Note to Independent's professional liability insurer, who is authorized to bring claims in the name of Independent. For that reason, the Court simply states that Independent acquired the Subject Note on August 22, 2017.

Subject Note. See Subject Note ¶ 3. Independent has shown that Lewis breached his duty by failing to make any payments on the Subject Loan after July 2013, notwithstanding that there was an outstanding balance of $243,785.36 as of that date. 2nd Aff. of J. Thurbee ¶ 4; see Subject Note ¶ 6(B) ("If I do not pay the full amount of each monthly payment on the date it is due, I will be in default."). Independent has sustained damages as a result of that breach, in the form of being denied payments to which it is entitled under the contract it has acquired. 2d Aff. of J. Thurbee ¶ 8; see Aspire Channel, LLC v. Penngood, LLC, 139 F. Supp. 3d 382, 388 (D.D.C. 2015) (denial of compensation due under contract constitutes damages); Chatman Elec., Inc. v. Interior Sys., Inc., 433 F. Supp. 2d 91, 97–98 (D.D.C. 2006) (same).

Lewis has failed to provide any basis to deny summary judgment. His statements that he has "complied with all Federal, State, and Local laws with respect to this matter," and that the "[l]egal records reveal nothing whatsoever on [his] behalf to precipitate this predicament," Lewis' Am. Opp'n to Pl.'s Mot. for Summ. J. at 1, are conclusory assertions offered without any factual basis in the record—thus, they do not create a genuine dispute of material fact, Ass'n of Flight Attendants–CWA, 564 F.3d at 465–66; Hussain v. Nicholson, 435 F.3d 359, 365 (D.C. Cir. 2006) (conclusory allegations contained in a party's own affidavit do not create a genuine issue of material fact). His bare assertion that all of Independent's stated material facts are "disputed," see Lewis' Opp'n to Mot. for Summ. J. at 1, does not cite any record evidence that shows a genuine dispute of fact. A party cannot render a fact "'disputed' by merely labeling it so." Louis v. District of Columbia, 59 F. Supp. 3d 135, 143 n.4 (D.D.C. 2014). Moreover, "[u]nless the opposing party points to affirmative evidence showing disputed material facts, the court shall enter summary judgment, if appropriate, against the adverse party." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150 (D.C. Cir. 1996) (citation omitted); see also Buruca v.

District of Columbia, 902 F. Supp. 2d 75, 82 (D.D.C. 2012) ("The plaintiff can defeat the District's motion only if it points to 'particular facts' supported by 'materials in the record' to dispute the District's version of the story." (quoting Fed. R. Civ. P. 56(c)(1)(A)). Finally, Lewis' assertion that he purchased title insurance on the property is wholly irrelevant to whether he breached the terms of the Subject Note. In the end, he does not even assert that he made such payments, much less identify any evidence that would support such an assertion. Hence, the Court concludes that Independent is entitled to summary judgment on the breach of contract claim.

## CONCLUSION

For the reasons explained above, Independent's motion for summary judgment on the breach of contract claim against Lewis will be granted. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: February 16, 2018