UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDEPENDENT SETTLEMENT
SERVICES, LLC,

Plaintiff,

v.

JIMMY LEWIS,

Defendant.

Civil Action No. 16-1372 (JDB)

## MEMORANDUM OPINION

Before the Court is [44] defendant Jimmy Lewis's motion for reconsideration. Although Lewis does not identify the specific order that he moves the Court to reconsider, the Court shall construe his motion as one to reconsider [38] the Court's order granting summary judgment in favor of Independent Settlement Services, LLC ("Independent") on its breach of contract claim against Lewis. For the reasons explained below, the Court will deny Lewis's motion.

## I. BACKGROUND

The full factual background of this action was recounted in the Court's February 16, 2018 memorandum opinion and will not be repeated here. See Mem. Op. [ECF No. 39]. In relevant part, in 2007 Lewis refinanced property he owned in the District of Columbia and obtained a $262,500 loan. This loan was secured by a promissory note (the "Note"), in which he committed to repay the principal loan amount and interest through monthly payments, and by a deed of trust, which established a lien against his property. See Note, Ex. 2 to Pl.'s Mot. for Summ. J. [ECF No. 25-3]; Deed of Trust, Ex. 3 to Pl.'s Mot. for Summ. J. [ECF No. 25-4]. The deed of trust was not recorded in the District of Columbia land records. See 1st Aff. of Jessica Thurbee, Ex. 4 to Pl.'s Mot. for Summ. J. [ECF No. 25-5] ¶ 8.

Subsequently, in 2013, Lewis sold the property and ceased making payments on the loan. Id. ¶ 10; 2nd Aff. of Jessica Thurbee, Ex. 1 to Pl.'s Reply [ECF No. 28-1] ¶¶ 4, 7–8. At the time, the loan had an outstanding balance of $243,785.36. 2nd Aff. of Jessica Thurbee ¶ 4. The then-current holder of the Note filed an action against Lewis, asserted a claim for breach of contract based on his alleged failure to make required payments under the terms of the Note, and moved for summary judgment. Am. Compl. [ECF No. 10] ¶¶ 46–51; Pl.'s Mot. for Summ. J. [ECF No. 25]. Thereafter, Independent acquired an interest in the breach of contract claim and was substituted as plaintiff in the action. See Feb. 16, 2018 Order [ECF No. 37] at 2–3. Lewis opposed summary judgment and subsequently filed an amended opposition after this Court advised him of the consequences of failing to respond adequately to plaintiff's motion. See Def.'s Resp. in Opp'n to Pl.'s Mot. for Summ. J. [ECF No. 29]; Fox/Neal Order [ECF No. 33]; Def.'s Am. Opp'n to Pl.'s Mot. for Summ. J. [ECF No. 35].

On February 16, 2018, the Court granted summary judgment in favor of Independent on its breach of contract claim, finding that Lewis had failed to present any evidence that would create a genuine dispute of material fact. Mem. Op. [ECF No. 39] at 5–7. Accordingly, on February 26, 2018, the Court entered final judgment against Lewis in the amount of $322,432.06. Order and Final J. [ECF No. 42]. Lewis now moves for reconsideration, asserting that Answer Title, the entity that conducted the closing process when he sold his property, was at fault for failing to identify the unrecorded lien and prevent the sale of the property.[1] See Def.'s Mot. for Recons. ¶¶ 1–2.

---

[1] After entry of final judgment, Lewis also belatedly filed a motion to dismiss that included the substance of the motion currently at issue. See Def.'s Mot. to Dismiss [ECF No. 43]. The motion to dismiss was denied as moot. Apr. 20, 2018 Min. Order.

## II.  LEGAL STANDARD

Although Lewis does not state the Federal Civil Rule pursuant to which he seeks reconsideration, there are two avenues by which a party may seek such relief: Rule 59(e), which permits a party to move to alter or amend a judgment, and Rule 60(b), which permits a court to grant relief from a final judgment, order, or proceeding.  See Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998).  A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of judgment," Fed. R. Civ. P. 59(e), and it is not within the court's power to extend this period, see Fed R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 59 . . . (e).").

By contrast, a party may request relief from final judgment pursuant to Rule 60(b) "within a reasonable time," which, when reconsideration is sought on certain grounds, may not exceed "a year after the entry of the judgment."  Fed. R. Civ. P. 60(c)(1).  Rule 60(b) enumerates six grounds for relief, including mistake or excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Before reaching the merits of a Rule 60(b) motion, however, the Court must consider a threshold issue: whether the movant has "at least establish[ed] that [he] possesses a potentially meritorious claim or defense" to the motion upon which judgment was issued.  Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995) (citation omitted) (explaining that relief from a judgment should not be granted if it would "be an empty exercise or a futile gesture").  The bar to satisfy this threshold requirement is not high; the movant must provide only a "'hint of a suggestion' which, proven at trial, would constitute a complete defense."  Marino v. Drug Enforcement Admin., 685 F.3d 1076, 1080 (D.C. Cir. 2012) (citation omitted).  But when the new allegations fail to contradict or even undermine the material facts in the record on which the Court

relied, relief from summary judgment should not be granted.  See Jeffries v. Sessions, 323 F.R.D. 437, 443 (D.D.C. 2018).

## III.    DISCUSSION

Lewis brought this motion for reconsideration nearly two months after final judgment was entered in this case.  As Independent correctly notes, the motion is therefore untimely under Rule 59(e).[2]  Nonetheless, because the motion was filed within a "reasonable" time following the entry of judgment, the Court will construe it as one seeking relief from judgment under Rule 60(b).  See Ali v. Carnegie Inst. of Wash., 309 F.R.D. 77, 81 (D.D.C. 2015) (citing Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv., 72 F.3d 897, 903 (D.C. Cir. 1996)).

Lewis's motion fails, however, because he has not provided even a "hint of a suggestion" that he has a valid defense to Independent's breach of contract claim.  Marino, 685 F.3d at 1080 (citation omitted).  Nothing he alleges contradicts the central findings of this Court—that he entered into a valid contract under which he received a loan that he promised he would repay in monthly installments, and that he breached that agreement by failing to repay the loan, resulting in damages to Independent.  See Mem. Op. at 5–6.  The fact that the loan was also secured by a lien on property and that this lien was unrecorded and undiscovered prior to Lewis's sale of that property does not excuse his failure to repay the loan he received.

---

[2] Even if the motion had been timely, it would still fail to satisfy the demands of Rule 59(e).  A party may not use Rule 59(e) "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted).  Motions to alter or amend a judgment under 59(e) may be granted  "only: (1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'"  Leidos, Inc. v. Hellenic Republic, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).  As discussed below, Lewis does not present any newly discovered evidence or explain why he did not raise his argument prior to the entry of judgment.  Nor does he cite a change in controlling law or suggest there has been a clear error or manifest injustice.  Lewis offers nothing to challenge the undisputed material facts underlying the breach of contract claim against him, and the Court finds he has failed to demonstrate that the extraordinary measure of reconsideration under Rule 59(e) is warranted.

By signing the promissory note, Lewis became personally obligated to repay the full loan amount, plus interest. See Yasuna v. Miller, 399 A.2d 68, 72 (D.C. 1979) (noting a promissory note is "evidence of the mortgagor's primary personal obligation"). "In return for a loan," Lewis "promise[d] to pay U.S. $262,500.00 . . . plus interest, to the order of the Lender" in monthly installments. Note ¶¶ 1–3. A lien against the property was established as an "addition[al]" protection for the note holder "from potential losses which might result if [Lewis did] not keep the promises which [he made]," but it did not supplant Lewis's primary obligation to repay his debt. See id. ¶ 10. When Lewis failed to make the required payments, he defaulted on the loan and breached the agreement. See 2nd Aff. of Jessica Thurbee ¶ 4; Note ¶ 6(B) ("If I do not pay the full amount of each monthly payment on the date it is due, I will be in default."). As a result, the note holder was entitled to demand "the full amount of Principal which has not been paid" and all interest owed. Note ¶ 6(C).

Lewis has not provided any evidence demonstrating that he has repaid his debt or made any effort to cure the default. Instead, he appears to suggest that he should be relieved from liability because the note holder could have foreclosed on the property (rather than bringing a suit against him personally) but for Answer Title's failure to identify the unrecorded lien and prevent the sale of the property. See Def.'s Mot. for Recons. ¶¶ 1–2.[3]

Even if the property had not been sold, however, the note holder still could have chosen to sue Lewis directly instead of foreclosing on the property. "[A] creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on

---

[3] Lewis more explicitly suggests that the note holder should have sought compensation from Answer Title rather than from Lewis. See Def.'s Mot. for Recons. ¶ 3. It is not clear on what grounds Answer Title could be held liable for failing to discover an unrecorded lien prior to sale of the property. In any event, the potential liability of a third party does not negate Lewis's own liability for failure to repay the loan.

the debt and may enforce any judgment against the debtor's assets generally." <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 82 (1991); <u>see also</u> <u>Yasuna</u>, 399 A.2d at 72 ("This case, for example, involves a suit on a promissory note rather than a mortgage foreclosure and deficiency judgment." (footnote omitted)); Restatement (Third) of Property: Mortgages §1.1 cmt. (1997) ("[If] the mortgagor or some other person is personally liable for the performance of the obligation in question . . . the mortgagee may proceed either by foreclosure of the mortgage or by means of a personal action against the party liable . . . ."). The question whether the lien should have been discovered prior to the sale is thus independent of and irrelevant to Lewis's obligation to repay the loan.

The Court need not consider whether any grounds for relief under Rule 60(b) apply in this case because Lewis has not met his threshold burden. Even if he had met that burden, however, he has presented no grounds that would justify relief from summary judgment. Evidence regarding the failure to identify the lien prior to sale of the property cannot be considered "newly discovered" under Rule 60(b)(2). Indeed, the fact that the lien had not been recorded and therefore foreclosure against the property after its sale was not possible was the catalyst for this lawsuit. <u>See</u> Am. Compl. ¶ 26. Moreover, the Court already considered and dismissed Lewis's general defense that he had purchased title insurance. <u>See</u> Mem. Op. at 7. And Lewis has not suggested that his failure to present, in either of his oppositions to summary judgment, his more specific arguments concerning the sale was the result of "excusable neglect" under Rule 60(b)(1). The other potential grounds for relief under Rule 60(b) are similarly inapposite.

## IV. CONCLUSION

For the reasons explained above, Lewis's motion for reconsideration does not satisfy the requirements of Rules 59(e) or 60(b).  Therefore, his motion will be denied.  A separate order has been issued on this date.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>June 4, 2018</u>